## Miller, Appellant, *v.* Kelly.

Argued May 31, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Gilbert S. Parnell, Sr.,* with him *Gilbert S. Parnell, Jr.,* and *Parnell & Parnell,* for appellant.

*James L. Jack, Jr.,* for appellee.

*R. Carlyle Fee,* with him *Peelor, Serene & Fee,* for appellees.

*Joseph N. Mack,* for appellee.

*Thomas S. Barbor,* for appellees.

*Donald H. Miller,* for appellees.

*Robert C. Earley,* for appellee.

*J. M. Frye,* for appellee.

*Earl R. Handler,* for appellee.

Opinion Per Curiam, June 29, 1960:
The plaintiff has appealed from an order of the court below sustaining preliminary objections to his second amended complaint on the ground that it con-

tained scandalous and impertinent matter and that it pleaded evidence *in extenso*. Respective counsel for the various defendants filed separate motions to quash the appeal as being from an interlocutory order which did not adjudicate any rights of the plaintiff and permitted appropriate amendment. On the appellant's allegation, in his answer to the motions to quash, that the effect of the order of the court below was to put him out of court with respect to certain of the defendants, we postponed action on the motions to quash until the appeal would come on for argument on the merits. In order not to delay ultimate disposition of the issue, if the order below should prove to be unappealable, we advanced argument of the appeal on the plaintiff's petition.

Having heard counsel for all parties fully in the premises, we are of opinion that the order appealed from did not put the plaintiff out of court with respect to any of the defendants. On the contrary, we agree with the court below that the complaint can be, and should be, amended still further in order to eliminate matter that has no proper place in a mere pleading. The order appealed from is obviously interlocutory. The appeal must, therefore, be quashed; the record will be remanded forthwith for further proceedings.

Appeal quashed.